ALBERT E. MACE, Executor, In Equity,

*vs.*

GEORGE H. MACE, and others.

Hancock.    Opinion May 22, 1901.

*Will.    Fee.    Life Estate.    Residue.*

1.  A testator made the following devise: "I give, devise and bequeath to my beloved wife M. M., so long as she is my widow, and my son G. H. M., who is to live on said homestead, my homestead situated in A. with the buildings thereon containing about eighty acres.  Also all my farming tools and utensils, carts, carriages, sleds, sleighs, farm stock, horses, harnesses, carriage and sleigh robes, household furniture and household goods.  Also one thousand dollars."

*Held;* that the devisees named took the testator's entire interest in the home-
stead, the widow an estate for life in the whole homestead determinable upon
her re-marrying, and the son the remainder; and that they each took an abso-
lute title to one-half of the personal property.

2.   The residuary clause was as follows: "I give and bequeath to my daugh-
ters H. C. R., and M. S., equally whatever there may be at my death of what-
ever kind that may be found and disposed of by my executor hereinafter
named, the residue, remainder not otherwise disposed of."

*Held;* that this clause is not void for uncertainty; but that the testator's inten-
tion is plainly expressed to give to his daughters therein named the residue
and remainder of his estate.

On report. Will construed and sustained.

Bill of interpleader by the executor of the will of Isaac Mace
of Aurora, deceased, against his son George H. Mace and all said
Isaac's heirs to obtain a judicial interpretation of said will, and
heard on bill, answers and testimony by the presiding justice of the
first instance, who reported the case to this court.

The case is stated in the opinion.

*A. W. King,* for plaintiff.

*H. E. Hamlin, J. A. Peters, Jr., and F. C. Burrill,* for defend-
ants.

SITTING:   WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE,
FOGLER, POWERS, JJ.

POWERS, J. · This bill is brought to determine the construction
of the following clauses of the will of Isaac Mace:

"Thirteenth. I give, devise and bequeath to my beloved wife
Melinda Mace, so long as she is my widow, and my son George H.
Mace, who is to live on said homestead, my homestead situate in
Aurora, with the buildings thereon, containing about eighty acres.
Also all my farming tools and utensils, carts, carriages, sleds, sleighs,
farm stock, horses, harnesses, carriage and sleigh robes—household
furniture and household goods. Also one thousand dollars.

"Fourteenth. I give and bequeath to my daughters Helen C.
Rowe and Maria Stover equally whatever there may be found and
disposed of by my executor hereinafter named, the residue, remain-
der, not otherwise disposed of."

In regard to the devise of the homestead two theories are advanced, first, that Melinda Mace took an estate during widowhood and not extending beyond her life in one-half, and George H. Mace a fee simple in the other half, leaving the remainder in the first half to pass to the residuary devisees under the fourteenth clause; and second, that the widow took a life estate, determinable upon her re-marrying, in the whole homestead, with remainder over to George. The intention of the testator expressed by the will is to govern.

In giving judicial construction to wills, the court seeks only to discover and give effect to the testator's intention as disclosed by the language of the will itself viewed in the light of any avowed or manifest object of the testator. *Page* v. *Marston*, 94 Maine, 342. The whole will is to be examined and every clause and word taken into consideration. In the preceding clauses of his will the testator had made bequests to all his heirs, including one of five dollars to George and two of three hundred dollars each to his daughters Helen C. Rowe and Maria Stover. He had made no disposition of his homestead farm and no provision for his widow. The only mention made of these is in the thirteenth clause. In that clause he devises the homestead to his widow during widowhood and to George who is to live upon it. The language used lacks technical precision, but we think the testator's intention is manifest to give his entire interest in the farm to these two devisees, to the widow an estate for life in the whole homestead determinable upon her re-marrying, and to George the remainder. George was to "live on said homestead," the whole homestead, not on one-half of it. If George took a fee simple in one-half only, these words would be unnecessary to confer such a right before, and ineffectual after, partition. They were used by the testator not to create an estate upon condition or to give a right, but as expressive of his understanding and intention, and that intention thus expressed in the will must prevail. This conclusion is strengthened by the fact that to the same devisees were given all those articles of personalty which would naturally and properly go with the homestead, the testator's farming tools and utensils, carts, carriages, sleds, sleighs, farm stock, harnesses, carriage and sleigh robes, household furniture and household goods.

As to the personal property named in clause thirteen, Melinda Mace and George H. Mace each took an absolute title to one-half. Such is the common meaning of the common words there employed. The paragraphs relating to the personalty are distinct and independent introducing new matter, and there is nothing to show that the qualification as to the wife's interest in the real estate was to be carried forward and applied to the personalty. The word "also" has here one of its most ordinary and usual meanings, that of "in addition thereto" as in *Loring* v. *Hayes*, 86 Maine, 351, where a testator made a bequest and devise of real and personal estate for life to his wife followed, in the same clause, by a bequest of money introduced by the words "I also give," and it was held that the gift of the money to the wife was absolute.

It is suggested by counsel, for some of the respondents, that the fourteenth clause is void for uncertainty. This view we cannot adopt. The title to the personal property of the testator vests in the executor. He has the legal power to dispose of any and all of such personal property at his discretion, with the exception of articles specifically bequeathed not required for the payment of debts or charges of administration. It is his duty to settle and wind up the estate and reduce the assets to cash and transfer it to others in pursuance of the trust reposed in him. Schouler's Exors. & Admrs. § 322. It is in this sense that the words "disposed of" are used in the phrase "found and disposed of by my executor" in the fourteenth clause, while the same words in the last part of the same clause mean disposed of by the testator in his will. The testator's intention is plainly expressed in this clause to give to his daughters Helen C. Rowe and Maria Stover, the residue and remainder of his estate not otherwise disposed of by him in his will and, or more properly including, whatever may be found and disposed of by his executor, and that intention must control and be carried into effect.

The costs of these proceedings should be decreed a charge upon the estate in controversy.

*Decree accordingly.*